IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARCELLUS A. JONES, | ) | |
| | ) | |
| Plaintiff, | ) | No. 1:23-cv-00158-RJC-MPK |
| | ) | |
| vs. | ) | |
| | ) | District Judge Robert J. Colville |
| FABIAN and FERGUSON, | ) | Magistrate Judge Maureen P. Kelly |
| | ) | |
| Defendants. | ) | |
| | ) | |

**<u>ORDER OF COURT</u>**

Currently pending before the Court is the Report and Recommendation (ECF No. 40) filed by the Honorable Maureen P. Kelly in the above-captioned matter.  Judge Kelly's January 13, 2025 Report and Recommendation recommends that the Court grant, in part, and deny, in part, the Partial Motion to Dismiss (ECF No. 27) filed by Defendants, Fabian and Ferguson.  The Report and Recommendation additionally recommends that the Court deny Plaintiff, Marcellus A. Jones', request for a preliminary injunction (ECF No. 19).  Objections to the Report and Recommendation were due by January 30, 2025.  Plaintiff filed a Notice (ECF No. 41) on February 19, 2025, stating that he does not intend to file any objections to the Report and Recommendation.  The Court considers this matter to be ripe for disposition.

"The Federal Magistrates Act provides two separate standards of judicial review of orders on matters referred to magistrate judges."  *Alarmax Distributors, Inc. v. Honeywell Int'l Inc.*, No. 2:14-cv-1527, 2015 WL 12756857, at *1 (W.D. Pa. Nov. 24, 2015) (citing 28 U.S.C. § 636(b)(1)).  A district court reviews objections to a magistrate judge's decision on non-dispositive matters to determine whether any part of the order is clearly erroneous or contrary to law.  28 U.S.C. §

1

636(b)(1)(A); Fed. R. Civ. P. 72(a).  "This standard requires the District Court to review findings of fact for clear error and to review matters of law de novo."  *Equal Employment Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 99 (3d Cir. 2017) (citing *Haines v. Liggett Grp. Inc.*, 975 F.2d 81, 91 (3d Cir. 1992)).  A district court may only modify or set aside those parts of the order on non-dispositive matters that it finds to be clearly erroneous or contrary to law.  *Id*.  "A finding is 'clearly erroneous' when, 'although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'"  *Pennsylvania, Dep't of Envtl. Prot. v. Allegheny Energy, Inc.*, No. 2:05-cv-885, 2007 WL 2253554, at *1 (W.D. Pa. Aug. 3, 2007) (quoting *Anderson v. City of Bessemer*, 470 U.S. 564, 573 (1985)).  "A magistrate judge's order is contrary to law 'when the magistrate judge has misinterpreted or misapplied the applicable law.'"  *Brandon v. Burkhart*, No. 1:16-cv-177, 2020 WL 85494, at *2 (W.D. Pa. Jan. 7, 2020) (quoting *Doe v. Hartford Life & Accident Ins. Co.*, 237 F.R.D. 545, 548 (D.N.J. 2006)).

Objections to a magistrate judge's disposition of a dispositive matter are subject to de novo review before the district judge.  28 U.S.C. § 636(b)(1)(B)-(C); Fed. R. Civ. P. 72(b)(3).  The reviewing district court must make a de novo determination of those portions of the magistrate judge's report and recommendation to which objections are made.  *Id.*  Following de novo review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  Fed. R. Civ. P. 72(b)(3). The United States Court of Appeals for the Third Circuit has explained that, "even absent objections to the report and recommendation, a district court should 'afford some level of review to dispositive legal issues raised by the report,'" and has "described this level of review as

'reasoned consideration.'" *Equal Employment Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 100 (3d Cir. 2017) (quoting *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987)).

Upon reasoned consideration of Judge Kelly's Report and Recommendation, Defendant's Partial Motion to Dismiss, and Plaintiff's request for a preliminary injunction, and following review of all relevant docket entries, it is hereby ORDERED as follows:

The Court agrees with the thorough and well-reasoned analysis set forth in Judge Kelly's Report and Recommendation, and the Court accepts and adopts Judge Kelly's Report and Recommendation in its entirety as the opinion of the Court with respect to Defendant's Partial Motion to Dismiss and Plaintiff's request for a preliminary injunction.  It is hereby ORDERED that:

1. Defendant's Partial Motion to Dismiss (ECF No. 27) is granted, with prejudice, as to Plaintiff's official capacity claims and, without prejudice, as to Plaintiff's First Amendment access to courts claim.

2. Defendant's Partial Motion to Dismiss (ECF No. 27) is denied as to Plaintiff's conspiracy claim, Fourteenth Amendment Equal Protection "class of one" claim, and conversion claim.

3. Plaintiff's request for a preliminary injunction (ECF No. 19) is denied.

4. Plaintiff shall file an Amended Complaint by April 6, 2025.  Plaintiff must allege every claim he wishes to pursue against all parties.  His Amended Complaint must be a pleading that stands by itself without reference to the original complaint.  *Young v. Minnick*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992).

BY THE COURT:

*/s/Robert J. Colville*
Robert J. Colville
United States District Judge

DATED: March 6, 2025

cc: Honorable Maureen P. Kelly
    United States Magistrate Judge

    Marcellus A. Jones
    KR-2421
    SCI Houtzdale
    P.O. Box 1000
    209 Institution Drive
    Houtzdale, PA 16698-1000

    All counsel of record